Richardson *v.* Curtis & others.

ABIJAH RICHARDSON *vs.* ALLEN C. CURTIS & otheis.

Several complaints by different complainants, under the Rev. Sts. *c.* 116, being pending at the same time, in the court of common pleas, it is the duty of the court to cause all the complaints to be considered and determined by the same jury. The more correct and proper course, in such a case, is to issue only one warrant reciting the several cases; but, if separate warrants are issued, the sheriff should regard them as a joint warrant, and cause the several cases to be tried together by the same jury.

The parties to a complaint under the mill act (Rev. Sts. *c.* 116,) having agreed upon the appointment of surveyors, who were appointed accordingly by the court, to make surveys and experiments, to be used on the trial of the complaint; and having also agreed, that the result of the surveys and experiments, and the testimony of the surveyors, as to the effect of the dam and flash-boards of the respondent, should be the only evidence, to be used on the trial, upon that question in the case, unless fraud or mistake could be shown on the part of the surveyors; it seems, that the only evidence admissible to show such mistake is that which relates to some error in the compass, or in figures, or in computation, or to some other like error, and that evidence going over the surveys and experiments of the surveyors, with a view to detect mistakes in the results, is not admissible.

THIS was a proceeding under the Rev. Sts. *c.* 116, before a sheriff's jury, John J. Clarke, esquire, presiding, on the 1st of July, and on the 7th of August, 1848, to recover compensation for an injury alleged to have been sustained by the complainant, in consequence of the flowing of his meadow.

29 *

by reason of a dam and flash-boards erected by the respond-
ents across the Charles river, at their paper mill in South
Natick. The presiding officer, at the request of the respond-
ents, made a certificate of certain decisions and directions
given by him at the trial, in substance, as follows : —

It being admitted by the complainant, that there were
pending, in the court of common pleas in the county of Nor-
folk, five other complaints by other complainants, against the
same respondents, wherein the complainants claim damages
for injuries to their meadow lands, situated in Medway and
Medfield, in the same county, on the banks of the Charles
River, the damages to which meadows are alleged in such
complaints, respectively, to have been caused by the same
dam of the respondents, mentioned in the complaint of this
complainant, and that in each of those complaints, a jury was
ordered to be empanelled to assess the damages occasioned
to each of the complainants, which order was passed at the
same term of the court, at which the order in this case was
passed ; the respondents, before the jury were empanelled,
objected to any and all proceedings under the warrant, by
virtue of which the jury were assembled, because the court
did not, nor did the complainants, cause all such complaints to
be considered and determined by the same jury, and because
it appeared that separate juries had been drawn, and had been
or were to be summoned in all the cases. But the jury were
empanelled and the cause suffered to proceed, notwithstand
ing the objection.

The jury having been empanelled and made choice of a
foreman and had a view, on the 1st day of July, 1848, and
on the 7th day of August, 1848, having met by adjournment
to proceed with the trial ; the respondents objected, that Dan-
iels Hamant, jr., one of the jury, was the owner of a meadow
lying between Brastow's bridge and Dearth's bridge, on the
Charles River, between which the complainant's meadow _ies ;
and therefore that he was incompetent to sit on the jury to
try this case.

Prior to the empanelling of the jury, the jury were in-

formed, that if any or either of them were related to either party, or had any interest in the cause, or had expressed or formed any opinion, or were sensible of any bias or prejudice therein, that such person or persons were incompetent to sit as jurors in the trial of the cause ; and they were requested to make it known, if any of them were thus disqualified. None of the jurors responded to this call; and neither party, at any time, requested that any person called or empanelled as a juror, should be examined, on oath, as to his relation, interest, &c., either before, at the time, or after the empanelling of the jury.

The motion of the respondents that Hamant should be removed, and that another person should be called and placed in his stead on the jury, for the trial of this cause, under the circumstances and for the reasons aforesaid, was not allowed ; but Hamant was admitted to sit on the jury and try the case.

An agreement between the parties entered into and reduced to writing, and subscribed by their respective attorneys, a copy of which is below,* was offered by the respondents, who

---

* " Whereas the complainants in the above entitled causes [six complaints, including Richardson's, against the respondents] seek to recover therein damages against said respondents, for injuries alleged to have been caused to said complainants' meadow land, by the dam and flash-boards of said respondents, placed across Charles River, at their paper mill, at South Natick, in the county of Middlesex ; the complainants believing that their meadows are greatly injured by said dam and flash-boards, causing the water of said river to flow back upon said meadows, and preventing the water from draining off as quickly as it used heretofore to do; the respondents, on the contrary, being of the opinion, that their said dam and flash boards do not in any way injure said meadows ; and whereas, the said parties are both desirous of ascertaining by a series of actual surveys and experiments, to be made by competent surveyors, whether said dam and flash-boards do or do not cause any damage to said meadows as alleged by said complainants ; now, for the purpose aforesaid, the said parties to said complaints hereby mutually agree, that the court may appoint James Hayward and Alexander Wadsworth, both of Boston, to make a mutual survey and such experiments as they shall find it necessary to make upon the waters of Charles River, and the dam of said respondents, at South Natick, and the meadow lands of said complainants, and at any intermediate points upon said river, in order to ascertain satisfactorily, whether the said dam and flash-boards, or either of them, or any part thereof, do in fact raise the water of said river, at the different points, and at what points, above said

alleged that the complainant was thereby debarred from examining any witness, except Messrs. Hayward and Wadsworth, therein named, upon matters within the scope of their duty, under their appointment by the court, as mentioned in the agreement, unless for the purpose of proving fraud, or mistake, on their part. The respondents also claimed, that under that agreement, the complainant could only introduce evidence to prove the experiments of Messrs. Hayward and Wadsworth to be erroneous. But the complainant was allowed to put in testimony, tending to show a mistake in the results of the experiments made by them as stated in their written report.

The complainant was also permitted, against the objection of the respondent, to put in testimony tending to show, that at the time of the trial, the water stood, and had for a number of years stood, on the meadows of the witnesses, on the same level as on complainant's meadow ; for the purpose of showing that the meadows of the complainant and the meadows of the witnesses were on the same level.

---

dam and at and adjoining said meadows, and ascertain the relative surface level of said meadows, compared with that of the water in said river, at said dam, and at said meadows, and at any intermediate points, at different heights of the water, both when said flash-boards shall be on and when they are off, and to make report of the results of their surveys and experiments to the court.

" And the said surveyors are to have the entire control of the respondents' said dam, and flash-boards, so far as may be necessary to a full and fair trial of any of such experiments ; and neither said complainants nor said respondents are in any way, directly, or indirectly, to interfere with the trial of said experiments, or with the proceedings of said surveyors, except that either party may request them to make any particular experiments which such party may desire to have made.

" And on the trial of any and all of said causes, the result of such surveys and experiments, as stated by said surveyors in their report, and their testimony as to the effect of said dam and flash-boards, shall be the only evidence to be used on said trials, upon that question in the case, unless fraud or mistake can be shown on the part of said surveyors.

" And the parties hereby agree that the expenses of said survey and experiments shall be borne and paid equally by them. It is understood by the parties, that said surveyors are not to embody in their report any opinion as to the effect of water on said meadows."

Being requested by the respondents to direct the jury as to the weight to be given to the agreement alluded to, the jury were instructed, that the agreement was obligatory upon the parties in this cause ; that the result of the surveys and experiments of Messrs. Hayward and Wadsworth, as stated by them in their report, and their testimony as to the effect of the dam and flash-boards, were conclusive upon the jury as to those matters, unless the complainant should prove fraud or mistake on the part of the surveyors ; that, to prove such fraud or mistake, the burden of proof was on the complainant ; and that he must prove the existence thereof, to the reasonable satisfaction of the jury, in order to control the report and testimony of Messrs. Hayward and Wadsworth.

*E. Buttrick* and *I. Cleveland,* for the respondents.

*A. L. Cushing,* for the complainant.

FLETCHER, J. This was a proceeding before a sheriff's jury. There were pending in the court of common pleas, in the county of Norfolk, at the same time, five other complaints by other complainants against these respondents, claiming damages for injuries to their meadows situated in Medway and Medfield, in said county, on the sides of the Charles River ; the damages to which meadows are alleged in the complaints, respectively, to have been caused by the same dam of the respondents, mentioned in the complaint of the present complainant, and in each of these complaints a jury was ordered to be empanelled to assess the damages occasioned to each of the complainants by the respondents' dam, which order was passed at the same term of the court at which the order in this case was passed.

Before the jury were empanelled in this case, the respondents objected to any proceedings under the warrant, by virtue of which the jury were assembled, because the said court did not, nor did the complainants, cause all said complaints to be considered and determined by the same jury, and because it appears that separate juries had been drawn, and had been or were to be summoned in all said cases. But the jury were empanelled, and the cause proceeded, notwithstanding

this objection. The question now presented to this court is, whether or not it was correct to try this case alone by a separate jury, or whether all the cases pending at the same time should have been tried by the same jury. The decision of this question depends entirely upon statutory provisions. The one hundred and sixteenth chapter of the Rev. Sts. §§ 13 and 14, provides, that trials of claims for damages in such a case as this shall be according to the provisions of the twenty-fourth chapter in regard to the complaints of persons aggrieved by the laying out of a highway.

The twenty-fourth chapter, § 15, provides, that if several applications shall be pending at the same time, all such applications shall be considered and determined by the same jury. This provision constitutes the law applicable to the case now under consideration, and is too plain and express to leave any doubt. By law, this case should have been tried with the other cases, pending at the same time, by the same jury. But it was not so tried, but was tried by itself, by a separate jury, which was not warranted by law, and the verdict must for that reason be set aside and a new trial granted.

It appears, that there were separate warrants issued by the court, in the several cases pending at the same time. The more correct and proper course would have been to have issued but one warrant, reciting the several cases to be tried by the same jury. But, though there were separate warrants, yet the statute peremptorily requires that the complaints should all be tried and determined by the same jury; and this can be complied with by the sheriff, who can treat the separate warrants as a joint warrant, and bring all the cases before the same jury.

From the view taken by the court, as to the trial of the case, it becomes unnecessary to settle the question, as to the competency of the evidence to show a mistake in the results of the experiments made by Messrs. Hayward and Wadsworth.

The report of the case is defective in not stating the nature and kind of evidence introduced to show such mistake; but, judging of the nature of this evidence by the answer stated

to have been introduced, to show that the meadows of the complainants were on the same level with those of the witnesses, the court have great doubt, whether the evidence, to show mistake in the results of the experiments of Messrs. Hayward and Wadsworth, could be admitted consistently with the agreement of the parties as to the effect to be given to the report of those surveyors. Evidence to show mistake, it would seem, should be such as would show some error in the compass, or some error in figures or computation, or something of that nature, and not evidence going over the whole field of the observations and experiments of the surveyors, and thus by conflicting evidence to make out a mistake in results. But it is not now necessary to go more fully into this subject. *Verdict set aside, &c.*